1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    YASIR MEHMOOD,                              No.  2:16-cv-00546 KJM AC P

12                 Plaintiff,

13           v.                                   ORDER and

14    NICOLE SOLANDER, et al.,                    FINDINGS AND RECOMMENDATIONS

15                 Defendants.

16

17          Plaintiff is a federal detainee incarcerated at the Nevada Southern Detention Center who

18    proceeds pro se in this putative civil rights action brought under Bivens v. Six Unknown Agents,

19    403 U.S. 388 (1971).  Plaintiff has also filed an application to proceed in forma pauperis.

20          Plaintiff has submitted a declaration in support of his application to proceed in forma

21    pauperis that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff's

22    request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

                                                 1

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

3   1915(b)(2).

4         This court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).

6   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7   legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek

8   monetary relief from a defendant who is immune from such relief.[1]  See 28 U.S.C. § 1915A(b)(1),

9   (2).

10        Significantly, plaintiff recently entered a plea in a federal criminal prosecution currently

11  pending against him in this court.  See United States v. Mehmood, Case No. 2:12-cr-0154-JAM-

12  1; ECF No. 418 (plea agreement), and ECF No. 416 (minutes of May 17, 2016 entry of plea).

13  Plaintiff has not yet been sentenced in that case.  Meanwhile, plaintiff has filed numerous

14  noncognizable actions in this court in which he has attempted to collaterally attack his criminal

15  prosecution.  In the instant matter, plaintiff names 85 defendants and attempts to challenge, inter

16  alia, the validity of the search warrant relied on in his criminal case.  However, any challenge to

17  the criminal proceeding against plaintiff must be raised in that action, as plaintiff has been

18  repeatedly informed in his other cases recently dismissed by this court.  See e.g., Case No. 2:15-

19  cv-1786 KJN P (summarily dismissing motion to quash search warrant); Case No. 15-cv-0019

20  MCE AC P (summarily dismissing habeas corpus action brought pursuant to 28 U.S.C.§ 2241,

21  premised on challenges to search warrant and denial of bail).  The instant case also appears to be

22  frivolous – the complaint, which is 152 pages in length, is comprised of multiple disjointed

23  "attachments" that purport to separately identify the defendants, plaintiff's claims, and the relief

24

---

[1] A claim is legally frivolous when it lacks an arguable basis in law or fact.  Neitzke v. Williams,
25  490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The
court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory
26  or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; see also Lopez v.
Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis]
27  claims which are based on indisputably meritless legal theories or whose factual contentions are
clearly baseless.").  The critical inquiry is whether a claim, however inartfully pled, has an
28  arguable legal and factual basis.

plaintiff seeks.  See e.g. Form Complaint, (referencing attachments), ECF No. 1 at 1-5;  "Table of

Contents" (naming attachments), id. at 6; List of 85 Defendants, id. at 10-13.  It appears that most

of plaintiff's thirteen claims rest on indisputably meritless legal theories.[2]  See Neitzke, 490 U.S.

at 327.

      For the foregoing reasons, IT IS HEREBY ORDERED that:

      1.  Plaintiff's application to proceed in forma pauperis, ECF No. 2, is granted

      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.  §

1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

Warden of the Nevada Southern Detention Center filed concurrently herewith.

      Further, IT IS HEREBY RECOMMENDED that this action be summarily dismissed for

failure to state a cognizable claim.

      These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

after being served with these findings and recommendations, plaintiff may file written objections

with the court and serve a copy on all parties.  Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order.

Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 15, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2]  For example, plaintiff's thirteenth "count" asserts a claim under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241, 242 against all defendants, "specifically State, County and City actors" for "negligence by analogy to [his] tort claim" under the Federal Tort Claims Act. See ECF No. 1 at 16.